Unión de la Industria Licorera de Ponce, Guillermo Green, demandantes y recurridos, *v.* Destilería Serrallés, Inc., demandada y peticionaria.

*Número:* O-85-26      *Resuelto:* 23 de abril de 1985

*Norbeto Colón,* abogado de la peticionaria; *Humberto Rivera Torres* del bufete de *Lugo Bougal,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El 25 de agosto de 1983, un guardia de seguridad que se encontraba prestando servicio en la entrada principal que controla el acceso y la salida de personas a los terrenos de la Destilería Serrallés, Inc., Ponce, Puerto Rico, alegadamente sorprendió al empleado Guillermo Green mientras éste intentaba sustraer ilegalmente de los terrenos de la Compañía propiedad perteneciente a ésta. Informado el incidente, el mismo motivó la suspensión de empleo y sueldo del señor Green y, posteriormente, el despido de éste.

Inconforme con la acción disciplinaria antes mencionada, la Unión de la Industria Licorera de Ponce, en representación del empleado, solicitó que el asunto fuera sometido al procedimiento de quejas y agravios establecido por el convenio colectivo entonces vigente entre las partes, el cual culminó en un procedimiento de arbitraje.([1]) El mismo se llevó a cabo

---

([1]) El Art. VIII(d) del referido convenio colectivo, en lo pertinente disponía:

"El laudo que rindiere el árbitro *será final y obligatorio para las partes en cuanto a determinaciones de hecho pero no de derecho,* e igualmente no tendrá autoridad o jurisdicción para enmendar o variar las disposiciones de este Convenio." (Énfasis suplido.) Moción de *certiorari,* pág. 1.

El inciso (e) del referido Art. VIII establecía, en lo pertinente, que:

"En casos de arbitraje podrá instarse un recurso entre [*sic*] los Tribunales de Justicia cuando se alegue que el árbitro en su decisión ha cometido *errores de derecho.*" (Énfasis suplido.) *Exhibit* II, pág. 8.

ante el Sr. José Costa Rodríguez, árbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos de Puerto Rico. Conforme el "acuerdo de sumisión" suscrito por las partes, el árbitro venía obligado a determinar "si el despido del empleado Guillermo Green *estuvo o no justificado*. De no estarlo, que el árbitro provea el remedio adecuado". (Énfasis suplido.) *Exhibit* I, pág. 1.

La vista de arbitraje se llevó a efecto el día 28 de diciembre de 1983. Ambas partes estuvieron representadas por abogado. Concluyendo que, no obstante el poco valor monetario de la misma, la prueba presentada efectivamente demostraba que el empleado había intentado sustraer mercancía perteneciente al patrono, y expresando que "resulta incuestionable —salvo que medien circunstancias extraordinarias que no están presentes en este caso— el derecho de la gerencia a despedir a sus empleados, cuando éstos actúan en forma deshonesta", el árbitro Costa Rodríguez resolvió que el despido decretado en el caso "estuvo justificado". En su consecuencia, desestimó la querella presentada por la mencionada organización obrera.

La Unión y el empleado en controversia radicaron demanda ante el Tribunal Superior de Puerto Rico, Sala de Ponce, alegando, en lo pertinente, que el laudo emitido "carece de validez y es nulo" por cuanto "el mismo es contrario a la ley y la Política Pública al configurar como falta de apropriación ilegal un cuadro de hechos que no establecen intención ni descripción u ocupación de la propiedad ni conexión alguna entre el sujeto de la falta ni el objeto de la misma; todo ello en contravención a la norma penal que gravita en Puerto Rico hacia las determinaciones constitucionales del debido proceso y la Carta de Derechos", y debido a que el "árbitro se excedió en sus funciones al convertirse en portavoz justificatorio de la posición patronal fundamentándose en prueba inconexa e insuficiente".

Contestada la demanda por la Destilería Serrallés, Inc.,

la parte demandante le sometió a ésta un "interrogatorio" al amparo de las disposiciones de la Regla 30 de las Reglas de Procedimiento Civil de 1979. La compañía demandada objetó el referido interrogatorio por ser el mismo improcedente en derecho. El tribunal de instancia, mediante resolución de fecha 18 de diciembre de 1984 le ordenó a la parte demandada que contestara el mismo. Inconforme, la parte demandada acudió ante este Tribunal mediante la radicación del presente recurso de *certiorari*. Le concedimos término a la parte demandante para que mostrara causa por la cual no debíamos revocar la citada resolución. Ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

■ La importancia que tiene el convenio colectivo en el campo laboral difícilmente puede ser sobreestimada. El mismo, por lo general, representa el fruto de largas y acaloradas horas de discusión entre el patrono y la portavoz de los reclamos de los empleados de éste. La otorgación y firma de un convenio colectivo representa el triunfo del poder de la negociación sobre la fuerza, de la cordura y la razón sobre la temeridad y la violencia, y de la necesidad que todos tenemos de vivir en armonía los unos con los otros. En fin, el convenio colectivo es un mecanismo que —en adición a ser un contrato que, como tal, tiene fuerza de ley entre las partes suscribientes siempre que no contravenga las leyes, la moral y el orden público, *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118, 122 (1963)— promueve la paz y la estabilidad en el campo obrero-patronal. Su validez y eficacia, en consecuencia, debe ser siempre objeto del más entusiasta endoso por parte de los tribunales.

■ En el caso que nos ocupa, el convenio colectivo otorgado por las partes establecía un procedimiento de quejas y agravios que culminaba en un procedimiento de arbitraje. Como hemos visto, el referido convenio expresamente disponía que el laudo que rindiera el árbitro —aun cuando final y

obligatorio para las partes en cuanto a las determinaciones de hecho que éste hiciera— tenía que ser *conforme a derecho*. Ello, de inmediato, facultaba a cualquiera de las partes a acudir ante el foro judicial a impugnar el laudo emitido, no sólo en cuanto a las causas de nulidad tradicionalmente reconocidas, [2] sino *para revisar la corrección y validez jurídica* del laudo emitido. *Sonic Knitting Industries* v. *I.L.G.W.U.*, 106 D.P.R. 557 (1977).

■ ¿Qué alcance y significado tiene lo anteriormente expresado? En otras palabras, ¿cuál es el procedimiento a seguirse, o que debe ser implantado, por el tribunal en estos casos? ¿Debe permitirse que dicha impugnación se lleve a cabo por medio de un juicio plenario común y corriente, con todo lo que ello implica, o, por el contrario, debe el mismo ser objeto del trámite correspondiente a un recurso de revisión? Existe una laguna en nuestra jurisdicción respecto a lo antes señalado. [3] En ausencia de acción legislativa a esos efectos, nos vemos obligados a pautar el procedimiento a seguirse en esta clase de situaciones. Nos inclinamos hacia el trámite referente a un recurso de revisión.

■ En primer lugar, debemos recordar que en relación a aquellos laudos de arbitraje que *no* tienen que ser emitidos "conforme a derecho", la trayectoria y tendencia de nuestras decisiones respecto a la revisión de dichos laudos por parte del foro judicial ha sido una clara y constante: una de autorrestricción o abstención judicial, *J.R.T.* v. *National Packing Co.*, 112 D.P.R. 162 (1982), *Colón Molinary* v. *A.A.A.*, 103 D.P.R. 143 (1974), y de una especial deferencia hacia los

---

(2) Fraude, conducta impropia, falta del debido procedimiento en la celebración de la vista, violación de la política pública, falta de jurisdicción y que el laudo emitido no resuelve todas las cuestiones en controversia que se sometieron. *J.R.T.* v. *Otis Elevator Co.*, 105 D.P.R. 195 (1976); *Junta Relaciones del Trabajo* v. *N.Y.&P.R. S/S. Co.*, 69 D.P.R. 782, 800 (1949).

(3) D. Fernández, *El Arbitraje obrero-patronal en Puerto Rico*, XXXV Rev. Jur. U.P.R. 7, 36 (1966).

354

mismos por razón de que éstos constituyen el trámite ideal para resolver disputas obrero-patronales de modo rápido, cómodo y menos costoso. *S.I.U. de P.R.* v. *Otis Elevator Co.*, 105 D.P.R. 832 (1977). Indicativo de lo antes expresado es el hecho de que hemos resuelto no intervenir con el laudo emitido "aún cuando quizás hubiéramos [el Tribunal] llegado a una conclusión distinta si la cuestión estuviera sometida ante nosotros", *J.R.T.* v. *National Packing Co.*, supra, pág. 165, y que "las partes que firman un convenio de esta naturaleza deben comprender que han sustituído al árbitro por las cortes". *Junta Relaciones del Trabajo* v. *N.Y.&P.R. S/S. Co.*, 69 D.P.R. 782, 800 (1949).

En segundo lugar, hemos resuelto que un laudo de arbitraje, en general, tiene o goza de una naturaleza similar a la de una sentencia o decreto judicial. *Colón Molinary* v. *A.A.A.*, supra; *Ríos* v. *Puerto Rico Cement Corp.*, 66 D.P.R. 470, 477 (1946), y que la función del árbitro "es análoga a la ejercida por una sala sentenciadora de primera instancia, estando el foro apelativo facultado para *revisar* los planteamientos al respecto". (Énfasis suplido.) *Sonic Knitting Industries* v. *I.L.G.W.U.*, supra, págs. 580–581.

Por último y manteniendo siempre presente nuestro deber de promover y fomentar la paz y la estabilidad industrial mediante el apoyo judicial a los convenios colectivos en el campo laboral, procede que nos preguntemos, si es lógico y razonable que se le permita a las partes suscribientes de un convenio el poder relitigar en el foro judicial, *como si se tratara de un juicio de novo*, cada una de las controversias surgidas entre ellos —las cuales ya han sido objeto de decisión por un árbitro— meramente debido a que dichas partes estipularon que el laudo a emitirse fuera "conforme a derecho". Entendemos que no; somos del criterio que no se justifica que se permita la impugnación del laudo emitido ante el foro judicial *vía juicio plenario* en la referida situación como

tampoco en el caso del laudo que no tiene que ser conforme a derecho.

Sobre todo, cuando consideramos que bajo cualesquiera de las dos antes mencionadas situaciones hay un remedio alterno, igualmente eficaz y justo, al alcance de esas partes —el cual cumple con el requisito del debido procedimiento de ley— cual es el de la revisión judicial de acuerdo con las Reglas Aplicables a los Recursos para la Revisión de las Decisiones Administrativas ante el Tribunal Superior. En otras palabras, el procedimiento a seguirse ante el foro judicial será uno similar al utilizado cuando el tribunal, actuando como foro apelativo, revisa la corrección o incorrección de la sentencia emitida por un tribunal inferior o la decisión de un organismo administrativo. [4] Resolver lo contrario —en otras palabras, permitir la relitigación de la controversia en un proceso civil ordinario— constituiría "echar por la borda" la labor realizada por el árbitro; es decir, convertiría la referida labor en un ejercicio de futilidad y se desvirtuaría la naturaleza inherente del procedimiento de arbitraje laboral.

Resolvemos, en su consecuencia, que a partir de la fecha de la presente decisión, [5] la parte que interese impugnar un laudo de arbitraje emitido en un caso obrero-patronal —ya sea por las causas de nulidad tradicionalmente

---

[4] A los fines de viabilizar la norma hoy enunciada, se resuelve que dichos recursos serán de carácter *no* discrecional. Del convenio colectivo en un caso en particular no establecer término dentro del cual las partes deben recurrir ante el foro judicial a los fines de impugnar el laudo emitido, las partes tendrán el término de treinta (30) días para así hacerlo.

En casos donde se alegue como causal de nulidad el fraude, conducta impropia o falta del debido procedimiento, el tribunal podrá permitir la presentación de prueba a una parte, previa demostración de la necesidad de ello, al amparo de la Regla 14 de las Reglas de Procedimiento Civil.

[5] No obstante el carácter prospectivo de la norma establecida, los tribunales de instancia tomarán las medidas necesarias para lograr la aplicación razonable de las disposiciones pertinentes de las citadas reglas a las demandas de impugnación de laudos emitidos en casos obrero-patronales que se encuentran actualmente pendientes ante ellos.

reconocidas o porque el mismo, de ser ello requerido, no ha sido resuelto conforme a derecho— vendrá obligada por las disposiciones pertinentes y aplicables de las antes mencionadas reglas que rigen los recursos para la revisión de las decisiones administrativas ante el Tribunal Superior. (6)

■ Lo anteriormente resuelto conlleva, naturalmente, la denegación del uso de los métodos de descubrimiento de prueba en esta clase de recursos. El uso de los mismos está reñido y resulta improcedente ante la norma adoptada en el día de hoy. (7)

Por las razones antes expresadas, *se expide el auto, y se dictará sentencia revocatoria de la resolución de fecha 18 de diciembre de 1984 emitida por el Tribunal Superior de Puerto Rico, Sala de Ponce, y se devuelve el caso a dicho foro para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.

---

(6) La presente decisión no afecta el derecho que pueda tener un empleado a un juicio civil ordinario, cuando como parte integrante de un procedimiento de arbitraje, estén en controversia derechos federales que surjan de ERISA (Employee Retirement Income Security Act of 1974), 29 U.S.C. sec. 1132(a)(1)(B), y el derecho que tiene un empleado a radicar su querella ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos por violaciones al Tít. VII, 42 U.S.C. sec. 2000 *et seq.,* en relación a los cuales la agencia local tiene jurisdicción concurrente con la agencia federal.

(7) Los hechos del presente caso son ejemplo vivo del porqué la impugnación de un laudo de arbitraje obrero-patronal no debe ser tramitada por la vía ordinaria. Un examen de las alegaciones de la parte demandante demuestra que el fundamento de la impugnación radica en si las determinaciones de hecho realizadas por el árbitro encuentran o no apoyo en la evidencia desfilada. Ello, como sabemos, puede constituir una "cuestión de derecho". *Rodrigo* v. *Tribunal Superior,* 101 D.P.R. 151, 154–155 (1973). La referida cuestión puede ser resuelta por el tribunal con un mero examen de la transcripción de evidencia o de la exposición narrativa de la prueba, tramitadas las mismas al amparo de la Regla 10 del citado cuerpo de reglas.