Unión General de Trabajadores, demandante y recurrida, v. Challenger Caribbean Corporation, demandada y peticionaria.

*Número:* CE-88-285        *Resuelto:* 29 de marzo de 1990

*Juan F. Doval*, de *Trías, Doval, Muñoz, Acevedo & Otero*, abogado de la peticionaria; *Reinaldo Pérez Ramírez*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Recurre ante este Tribunal la Challenger Caribbean Corporation (Challenger) mediante solicitud de *certiorari*. Alega en apoyo de su contención que el Tribunal de Primera Instancia, entre otras cosas, se excedió al decretar que tenía jurisdicción para entender en la revisión de un laudo de arbitraje, a pesar de que esta solicitud se presentó varios días después del término reglamentario para ello. Resolvemos que la aquí peticionaria tiene razón en su reclamo, por lo que revocamos la determinación del Tribunal de Primera Instancia, quien actuó sin jurisdicción, y ordenamos que se restituya y dé plena validez legal al laudo de arbitraje antes citado.

Con el propósito de disponer adecuadamente del caso es necesario que realicemos un breve recuento de los hechos que dan lugar a las controversias.

Como resultado de una reducción en las operaciones de su empresa, Challenger se vio obligada a dar por terminadas las operaciones de una de sus líneas de producción, esto con carácter permanente. Trabajaba allí el Sr. Pedro Figueroa, delegado de la Unión General de Trabajadores de Puerto Rico (U.G.T.) en el área de antigüedad de Caribe Circuit Breakers.[1] La compañía suspendió de empleo a todos los trabajadores que rendían labores en dicha línea de producción, incluido entre los suspendidos el delegado de la U.G.T. Como resultado de esto no quedó empleado alguno trabajando en la línea de producción.

Debido a que el empleado despedido era delegado de la U.G.T. en el "área de Caribe" y, alegadamente, delegado general suplente, tras su despido la U.G.T. presentó una querella en el foro de arbitraje por entender que el despido había sido en violación a las disposiciones del Convenio Colectivo entre Challenger y U.G.T. (en adelante Convenio Colectivo).[2] La vista de arbitraje se llevó a cabo el 9 de julio de 1986 en las oficinas del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos (en adelante Negociado).

El árbitro, Sr. Ángel R. Marín Barroso, concluyó mediante laudo que la suspensión de empleo y sueldo del querellante no fue en violación del Convenio Colectivo vigente entre las partes, ya que de acuerdo con el mismo: (1) el delegado de un área sí tiene

---

[1] De acuerdo con la comunicación emitida por el Sr. Pedro Grant, Oficial de Negociación Colectiva, dirigida al Sr. José Durand, Jefe de Personal de la Challenger Caribbean Corporation, en 18 de enero de 1984, las áreas de antigüedad de la firma y sus respectivos delegados serían como sigue:

"1– Delegado General–Juan José Vélez
"2– Delegado Dorado Molding–Felito Batista
"3– Delegado Sylvania Unilec–Carmen Correa
"4– Delegado Borinquen Sylvania–Quintilio Guzmán
"5– Delegado Caribe–Pedro Figueroa
"6– Delegado Antillas–Conrado Díaz" Apéndice, pág. 047.

[2] El proceso de arbitraje fue establecido en el Art. XII, Secs. 4 a 8, inclusive, del convenio colectivo entre Challenger Caribbean Corporation y Unión General de Trabajadores de Puerto Rico (U.G.T.) (en adelante Convenio Colectivo). Apéndice, págs. 26–27.

que ser empleado permanente de ésta y no puede representar a los empleados de otras áreas, no siendo posible tampoco tener "superantigüedad" sobre los empleados de otras áreas donde no tiene permanencia ni vela por los derechos de otros empleados, y (2) la U.G.T. tiene que designar mediante escrito, conforme a la Sec. 5 del Art. VIII del Convenio Colectivo,[3] a los distintos delegados. Ésta omitió designar como delegado general al Sr. Pedro Figueroa.

El laudo fue dictado y archivado en autos el 22 de agosto de 1986. La U.G.T. presentó solicitud de revisión ante el Tribunal Superior, Sala de San Juan, el 23 de septiembre de 1986, a los treinta y dos (32) días después de que se le notificara por correo a las partes y se archivara dicho laudo.

En su oposición a la solicitud de revisión, Challenger adujo que el Tribunal Superior carecía de jurisdicción para revisar la determinación del árbitro por haberse presentado el recurso fuera del término provisto.

El Tribunal Superior, por considerar de aplicación el término adicional de tres (3) días establecido por la Regla 68.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), determinó que "la radicación del recurso de revisión de laudo . . . fue radicado en tiempo, por lo que este tribunal tiene jurisdicción para revisar el mismo". Sentencia emitida por el Hon. Abner Limardo del Tribunal Superior, Sala de San Juan, pág. 5.

En los méritos, el Tribunal Superior resolvió que el Convenio Colectivo, en su Art. 12, Sec. 5, requería que el laudo fuera dictado conforme a derecho y lo anuló por entender que el mismo era contrario a derecho.

No conforme con la determinación del tribunal de instancia, la aquí peticionaria presentó escrito de *certiorari* ante este Tribunal y alegó que éste cometió los errores siguientes:

---

[3]   La Sec. 5 del Art. VIII del Convenio Colectivo establece que: "La Unión notificará por escrito a la Compañía la designación o sustitución de cualquiera de los delegados." Apéndice, pág. 17.

A. Erró el Honorable Tribunal Superior al decretar que tenía jurisdicción para entender en la revisión del laudo de arbitraje a pesar de haberse radicado la solicitud de revisión treinta y dos días después de haberse archivado en autos el referido laudo, siendo el término jurisdiccional correspondiente de treinta días.

B. Erró el Honorable Tribunal Superior al no reconocer que la preferencia de superantig[ü]edad a favor de los delegados se refiere a su área de antig[ü]edad, y sólo representa a los empleados de su área.

C. Erró el Honorable Tribunal Superior al resolver que la Unión no incumplió con la sección 5 del artículo VIII del Convenio Colectivo que le requiere notificar por escrito al patrono de la designación o la sustitución de cualquier delegado. Petición de *certiorari*, págs. 5 y 6.

## I

Al considerar el aspecto jurisdiccional debemos mencionar que el Convenio Colectivo no contiene disposición alguna al efecto de establecer un término para presentar el recurso de revisión judicial de un laudo de arbitraje. En tales situaciones hemos resuelto que "las partes tendrán el término de treinta (30) días para así hacerlo". *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 D.P.R. 348, 355 esc. 4 (1985).

Aquí se archivó en autos el laudo y se envió copia del mismo por correo a las partes el 22 de agosto de 1986 (según surge de los autos en certificación de la Secretaría del Negociado).(4) La solicitud de revisión se presentó el 23 de septiembre de 1986, esto es, treinta y dos (32) días después que se le notificara mediante copia por correo a las partes y se archivara dicho laudo.

Es necesario determinar desde qué momento empezó a contar el término de treinta (30) días para revisar el laudo de

---

(4) Resulta importante señalar que aunque ninguna fuente específicamente indica que los laudos de arbitraje deben ser notificados por correo mediante el procedimiento de archivo en autos, esta es la práctica que se sigue en el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos (en adelante Negociado). Al respecto basta examinar la notificación de archivo en autos contenida en el laudo de la presente acción.

arbitraje y así mismo, la posible aplicación de la Regla 68.3 de Procedimiento Civil, *supra*, que provee el término adicional de tres (3) días para realizar un acto cuando ha intervenido un aviso o escrito por correo.

La Regla 68.3 de Procedimiento Civil, *supra*, dispone:

> Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, *salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia*. (Énfasis suplido.)(5)

El término adicional de tres (3) días dispuesto en esta regla aplica a actos que han de realizarse a partir de una notificación y cuando tal notificación se haga por correo, y no así a aquellos que comienzan a contarse a partir del archivo en autos de una copia de la notificación de la sentencia. *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82, 89 (1962).

Entendemos que la presente situación es un ejemplo de la excepción a la regla. Veamos por qué. De acuerdo con nuestra jurisprudencia, para que un laudo de arbitraje sea objeto de impugnación ante un tribunal éste tendrá que presentarse por vía de un procedimiento de revisión.(6) Al respecto este Tribunal indicó:

> ¿Debe permitirse que dicha impugnación se lleve a cabo por medio de un juicio plenario común y corriente, con todo lo que ello

---

(5) Nuestra regla corresponde a la Regla 6(e) de Procedimiento Civil federal, 28 U.S.C., de la que difiere en que se excluyen términos que son contados a partir del archivo en autos de copia de la notificación de la sentencia de apelación o revisión a tono con la decisión de *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82 (1962).

(6) El caso *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 D.P.R. 348, 355 (1985), nos indica a este respecto en su esc. 4 que:

"A los fines de viabilizar la norma hoy enunciada, *se resuelve que dichos recursos serán de carácter no discrecional*. Del convenio colectivo en un caso en particular no establecer término dentro del cual las partes deben recurrir ante el foro judicial a los fines de impugnar el laudo emitido, las partes tendrán el término de treinta (30) días para así hacerlo." (Énfasis suplido y en el original.)

implica, o, por el contrario, debe el mismo ser objeto del trámite correspondiente a un recurso de revisión? Existe una laguna en nuestra jurisdicción respecto a lo antes señalado. En ausencia de acción legislativa a esos efectos, nos vemos obligados a pautar el procedimiento a seguirse en esta clase de situaciones. Nos inclinamos hacia el trámite referente a un recurso de revisión. (Escolio omitido.) *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, pág. 353.

Por otro lado y al mismo respecto indicamos también:

. . . [S]omos del criterio que no se justifica que se permita la impugnación del laudo emitido ante el foro judicial *vía juicio plenario* en la referida situación como tampoco en el caso del laudo que no tiene que ser conforme a derecho. (Énfasis en el original.) *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, págs. 354–355.

■ Reiteramos la norma. Toda impugnación de un laudo de arbitraje laboral, ya sea por las causas tradicionales o porque, como en el presente caso, no ha sido resuelto conforme a derecho, vendrá obligada a utilizar el procedimiento de revisión de decisiones administrativas. *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, págs. 355–356. Ello no afecta los criterios jurisprudenciales para intervenir con los laudos de arbitraje, según reiterados recientemente en *J.R.T. v. Vigilantes, Inc.*, 125 D.P.R. 581 (1990), y casos allí citados.

■ Recordemos que las partes que firman un convenio colectivo donde someten sus disputas obrero-patronales a un procedimiento de arbitraje deben comprender que han sustituido al árbitro por las cortes. *Junta de Relaciones del Trabajo v. N.Y. & P.R. S/S Co.*, 69 D.P.R., 782, 800 (1949); *Pagán v. Fund. Hosp. Dr. Pila*, 114 D.P.R. 224, 235 (1983); *Municipio de Mayagüez v. Rivera*, 113 D.P.R. 467 (1982).

■ Por lo tanto, si hemos resuelto que un laudo de arbitraje en general goza de una naturaleza similar a la de una sentencia o un decreto judicial (*Colón Molinary v. A.A.A.*, 103 D.P.R. 143 (1974); *Ríos v. Puerto Rico Cement Corp.*, 66 D.P.R. 470, 477 (1946)) y que la función del árbitro "es análoga a la ejercida por la sala sentenciadora de primera instancia, estando el

foro apelativo facultado para *revisar* los planteamientos al respecto" —(énfasis suplido), *Sonic Knitting Industries v. I.L.G.W.U.*, 106 D.P.R., 557, 580–581 (1977)— debemos entender entonces que el procedimiento de revisión judicial de un laudo de arbitraje ha de ser igual al expuesto por ley para cualquier otra revisión ante un tribunal.[7]

En relación con el procedimiento de revisión de laudos de arbitraje y haciendo hincapié en lo antes dicho, hemos indicado que:

> . . . [E]l procedimiento a seguirse ante el foro judicial será uno similar al utilizado cuando el tribunal, actuando como foro apelativo, revisa la corrección o incorrección de la sentencia emitida por un tribunal inferior o la decisión de un organismo administrativo. Resolver lo contrario —en otras palabras, permitir la relitigación de la controversia en un proceso civil ordinario— constituiría "echar por la borda" la labor realizada por el árbitro; es decir, convertiría la referida labor en un ejercicio de futilidad y se desvirtuaría la naturaleza inherente del procedimiento de arbitraje laboral. (Escolio omitido.) *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, pág. 355.

Tanto la Regla 5 de las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, aprobadas el 23 de septiembre de 1976 (4 L.P.R.A. Ap. VIII-A), aplicable a la situación ante nos, como la actual Regla 4 de las Reglas para el Procedimiento de Revisión de Decisiones

---

(7) Aunque no resulta de aplicación al caso ante nos debido a la fecha en que se inició el recurso de revisión, consideramos importante mencionar el hecho de que la Sec. 1.3 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2102, hace inaplicable las disposiciones de esta ley al Negociado.

"A los efectos de est[a ley] los siguientes términos o frases tendrán el significado que a continuación se expresa:

"(a) 'Agencia' significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, excepto:

"(7) El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos."

Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B, aplicable a estos recursos desde la fecha de su vigencia, indican que:

El recurso de revisión deberá ser presentado y recibido en la Secretaría del Tribunal Superior dentro del *término jurisdiccional* dispuesto por ley. (Énfasis suplido.) 4 L.P.R.A. Ap. VIII-B, R. 4.

Repetimos, el término de treinta (30) días para revisar laudos de arbitraje fue establecido judicialmente en el caso de *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra.

■ Por su propio texto, la Regla 68.3 de Procedimiento Civil, *supra*, se hace a sí misma inaplicable al término para apelar o para pedir revisión, ya que dispone que se concederán tres (3) días adicionales a la parte que tenga que realizar algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito. El punto de partida que establece esta regla es la notificación del aviso o escrito, pero, como ya hemos visto, el punto de partida para presentar el escrito de apelación o de revisión es el acto del archivo con los autos de una copia de la notificación de la sentencia. En *Gobernador de P.R. v. Alcalde de Juncos*, 121 D.P.R. 522 (1988), resolvimos que la Regla 68.3 de Procedimiento Civil, *supra*, no se aplicaba a recursos de revisión de decisiones administrativas y que esa norma de carácter procesal general no puede ampliar un término jurisdiccional dispuesto por una ley especial.

■ Siendo el punto de partida del término para apelar, reconsiderar o revisar el laudo la fecha en que se notifica la decisión, el plazo adicional de tres (3) días que concede la Regla 68.3 de Procedimiento Civil, *supra*, no es aplicable. Los términos para apelar o revisar, incluso los establecidos para revisar las decisiones administrativas, no se amplían por el hecho de que el secretario notifique la sentencia por correo. *Gobernador de P.R. v. Alcalde de Juncos*, supra; *Lasalle v. J.A.C.L.*, 115 D.P.R. 805 (1984); *H.F., Inc. v. Registrador*, 116 D.P.R. 433 (1985).

La necesidad de este término jurisdiccional definido surge con meridiana claridad del caso *Tormos & D.A.C.O. v. F.R. Technology*, 116 D.P.R. 153, 158 (1985):

> Por otro lado, ya desde un punto de vista estrictamente jurídico, constituyendo el referido término para solicitar reconsideración ante la mencionada agencia uno de carácter jurisdiccional, *G.M. Overseas Dist. Corp. v. D.A.C.O.*, 114 D.P.R. 5 (1983), *es mandatorio que dicho término sea uno cierto, único e improrrogable dentro del cual todas las partes envueltas vengan obligadas a radicar la requerida moción de reconsideración.* (Énfasis suplido y en el original.)

Resumiendo, resolvemos que los recursos de revisión de laudos de arbitraje deben presentarse dentro de un término jurisdiccional de treinta (30) días computado éste a partir de la fecha en que el Negociado certifique haber archivado en autos copia de la notificación del laudo de arbitraje.

*Se revoca la sentencia y se desestima la solicitud de revisión presentada por la U.G.T. en el Tribunal Superior, Sala de San Juan.*[8]

---

[8] Al disponer que el Tribunal Superior carecía de jurisdicción para revisar el laudo de arbitraje, se hace innecesario que discutamos los otros dos (2) señalamientos de error.