EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Hospital del Maestro<br>    Peticionario<br><br>    v.<br><br>Unión Nacional de Trabajadores de la Salud (Osvaldo Caraballo Maldonado)<br>    Recurridos | Certiorari<br><br>2000 TSPR 130 |

Número del Caso: CC-1999-0019

Fecha: 29/08/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Roberto L. Córdova Arone

Abogados de la Parte Peticionaria:

                Bufete Cancio, Nadal, Rivera,
          Díaz & Berrios
                Lcdo. Angel L. Morales Rodríguez

Abogado de la Parte Recurrida:

                Lcdo. Angel R. Pérez Muñiz

Materia: Impugnación de Laudo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hospital del Maestro

    Recurrente                                    CC-99-19
    Certiorari

Unión Nacional de Trabajadores
de la Salud (Osvaldo Caraballo
Maldonado)

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado
SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 29 de agosto de 2000.

Debemos resolver si la parte que presenta un recurso de certiorari ante el Tribunal de Circuito de Apelaciones para revisar una sentencia emitida por el Tribunal de Primera Instancia en el ejercicio de su jurisdicción apelativa sobre los laudos arbitrales, debe enviar copia del recurso al Negociado de Conciliación y Arbitraje, foro que emitió el laudo impugnado. Al resolver que no existe disposición reglamentaria o estatutaria de donde se derive esa obligación, revocamos la resolución recurrida del foro apelativo.

I

En octubre de 1996, Osvaldo Caraballo Maldonado fue despedido de su empleo como enfermero práctico y escolta en el Hospital del Maestro, [en adelante "el Hospital"]. Luego de ello, presentó una querella ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.[1] Realizadas las vistas correspondientes, dicho foro resolvió que el despido de Caraballo Maldonado fue injustificado, por lo que ordenó su reposición inmediata y el pago del sueldo dejado de percibir desde la fecha en que fue despedido hasta su reposición final.

No conforme con esta determinación, el Hospital acudió ante el Tribunal de Primera Instancia en donde impugnó el laudo. Art. 5.003(a)(4), Plan de Reorganización de la Rama Judicial Núm. 1 de 1994, según enmendada, 4 L.P.R.A. sec. 22o(4), [en adelante Ley de la Judicatura]. Al presentar su recurso, el Hospital notificó copia del recurso al Negociado de Conciliación y Arbitraje. Luego de los trámites de rigor, el Tribunal de Primera Instancia confirmó la decisión recurrida. Eventualmente, el Hospital del Maestro acudió ante el Tribunal de Circuito de Apelaciones. En esta ocasión, el Hospital no notificó copia del recurso al Negociado de Conciliación y Arbitraje ni al árbitro que emitió el laudo impugnado.

Examinado el recurso, así como la oposición presentada por Caraballo Maldonado, el foro apelativo ordenó al Hospital que mostrara causa por la cual su recurso no debía ser desestimado por falta de jurisdicción, ya que no había sido notificado al Negociado de Conciliación y Arbitraje ni a la Unión de Trabajadores de la Salud.

El Hospital compareció oportunamente. Alegó que envió copia certificada del recurso a la representación legal de la Unión Legal de Trabajadores de la Salud el mismo día en que presentó el recurso en el Tribunal de Circuito de Apelaciones. Por su parte, en cuanto al

---

[1] Es la contención de la representación legal del Hospital del Maestro que Maldonado Caraballo instó esta querella sin seguir el procedimiento establecido en el Convenio Colectivo firmado entre la unión laboral a la cual pertenecía y el Hospital peticionario.

Negociado de Conciliación y Arbitraje, destacó que no existía disposición reglamentaria alguna de donde surgiera su obligación de notificar el recurso a dicho foro. Señaló que el Negociado de Conciliación y Arbitraje no es una parte en el procedimiento de arbitraje ni es una agencia dentro de los parámetros de la Ley de Procedimiento Administrativo Uniforme, Ley 170 del 12 de agosto de 1988, según enmendada, 3 L.P.R.A. secs. 2101 et seq., [en adelante L.P.A.U.]. A la luz de lo anterior, sostuvo que el foro apelativo tenía jurisdicción para considerar los méritos del recurso.

Luego de evaluar los señalamientos del Hospital del Maestro, el Tribunal de Circuito de Apelaciones desestimó el recurso por falta de jurisdicción. Razonó que el Negociado de Conciliación y Arbitraje debió ser notificado con copia del recurso de certiorari dentro del término de treinta días que tenía para presentarlo. Una solicitud de reconsideración presentada oportunamente fue declarada no ha lugar.

Inconforme, el Hospital acudió ante este Foro. Plantea como único señalamiento de error que incidió el Tribunal de Circuito de Apelaciones al resolver que carecía de jurisdicción por razón de que no notificó el recurso que presentó ante dicho foro apelativo al Negociado de Conciliación y Arbitraje y al árbitro que emitió el laudo recurrido.

Evaluados sus señalamientos, accedimos a revisar.

II

A

A mediados del siglo expresamos nuestra preocupación en torno a la ausencia de legislación que regulara de forma específica las distintas etapas procesales en los procedimientos de arbitraje en Puerto Rico. Véase, Junta de Relaciones del Trabajo de Puerto Rico v. N.Y. &. P.R. Steamship Co., 69 D.P.R. 782, 810 (1949). En esa ocasión, incluso, destacamos la importancia de que la Asamblea Legislativa tomara pasos concretos para llenar ese vacío.

Ante la ausencia de disposiciones estatutarias específicas que regulen los procesos de arbitraje, en las pasadas décadas nos hemos

visto obligados a resolver diversidad de conflictos obrero patronales originados en los procesos arbitrales. Véanse, Junta de Relaciones del Trabajo de Puerto Rico v. N.Y & P.R. Steamship Co., supra; JRT v. Otis Elevator, 105 D.P.R. 195 (1976); UIL de Ponce v. Destilería Serrallés, Inc. 116 D.P.R. 348 (1985); UGT v. Challenger Caribbean, 126 D.P.R. 22 (1990). De este modo, jurisprudencialmente hemos ido estableciendo normas procesales que permitan superar las dificultades originadas en la tramitación de este tipo de casos.

El presente caso plantea una nueva controversia que requiere resolver una situación procesal no atendida de forma específica por los esquemas reglamentarios y estatutarios aplicables. Debemos resolver si una parte que acude al Tribunal de Circuito de Apelaciones para revisar una sentencia emitida por el Tribunal de Instancia que, a su vez, denegó la impugnación del laudo de arbitraje emitido por el Negociado de Conciliación y Arbitraje, debe notificar el recurso a la entidad que emitió la decisión en jurisdicción original; entiéndase, al Negociado de Conciliación y Arbitraje.

Al resolver esta interrogante en la afirmativa, el Tribunal de Circuito de Apelaciones aplicó las disposiciones procesales de su Reglamento reservadas a los recursos de revisiones administrativas. Ello, a pesar de que reconoció que la L.P.A.U. excluye al Negociado de Conciliación y Arbitraje de la definición de "agencia". Al decidir, aplicó la Regla 58 de su reglamento que requiere, entre otras cosas, que la parte promovente de un recurso de revisión administrativa notifique el escrito inicial de revisión, entre otras, "a la agencia o al funcionario administrativo de cuyo dictamen se recurre". Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A R. 58(B).

No hay duda de que en el pasado hemos adoptado jurisprudencialmente normas para la impugnación de un laudo de arbitraje similares a las aplicables a las revisiones de dictámenes administrativos. U.I.L. de Ponce v. Dest. Serrallés Inc., supra. Ello,

sin embargo, no significa que el Negociado de Conciliación y Arbitraje será tratado como una agencia administrativa para todos los fines prácticos. Corp. de Crédito y Desarrollo Comercial y Agrícola v. Unión General de trabajadores, 138 D.P.R. 490 (1995). Tal proceder sería contrario al claro tenor de la L.P.A.U. La adopción de normas reservadas a los recursos administrativos en los procesos de impugnación de laudos arbitrales debe partir del hecho de que ese proceder resulta el más razonable y armonioso con la naturaleza de los procedimientos contenciosos obrero-patronales seguidos ante el Negociado de Conciliación y Arbitraje y con el esquema apelativo que establece la Ley de la Judicatura.

La exigencia de notificar a las agencias administrativas copia del recurso de revisión inicial presentado en el foro apelativo que establece el Reglamento del Tribunal de Circuito de Apelaciones, responde al mandato estatutario de la L.P.A.U. que dispone en su sección 4.2, según enmendada, que la parte promovente de un recurso de revisión administrativa "notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". 3 L.P.R.A. sec. 2172. La exclusión del Negociado de Conciliación y Arbitraje de la definición del término "agencia" de la L.P.A.U. tiene el efecto de que la obligación estatutaria establecida en dicha ley le resulta inaplicable.[2] Ello, por

---

[2] La sección 1.3 de la L.P.A.U. dispone, en lo pertinente:

(a) Agencia. – Significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, excepto:

    [...]
    (7) El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.

3 L.P.R.A. sec. 2102(a).

si sólo no significa que lo dispuesto en la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, por partir de lo establecido en la L.P.A.U., tampoco le sería aplicable como cuestión de derecho. Sin embargo, la intención expresa de la Legislatura al excluir al Negociado de Conciliación y Arbitraje de los procedimientos dispuestos en la L.P.A.U., lo que incluye lo relativo al requisito de notificación a las agencias de los recursos de revisión, es un elemento adicional que contribuye a aclarar el correcto alcance que se le debe brindar a lo dispuesto en la Regla 58 del Reglamento del foro apelativo en la consideración del presente caso.

Ahora bien, de mayor relevancia al caso de autos es que la decisión del Tribunal de Circuito de Apelaciones pasa por alto el hecho de que el recurso presentado allí por el Hospital del Maestro no pretende que se revise una decisión, orden o resolución emitida por un foro administrativo. Pretende que se revise una <u>sentencia final emitida por el Tribunal de Primera Instancia</u>. La jurisdicción de dicho foro, por tanto, no se deriva del artículo 4.002(g),[3] que le confiere competencia para considerar mediante <u>auto de revisión</u> los decisiones de las <u>agencias administrativas</u>, y que, a su vez, hace aplicable las disposiciones reglamentarias del Tribunal de Circuito de Apelaciones que regulan las revisiones administrativas. Reglas 56-67 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A R. 56-67. No habiendo disposición en la Ley de la Judicatura de donde se derive de forma específica la competencia del Tribunal de Circuito de Apelaciones para revisar sentencias emitidas por el

---

[3] Este artículo dispone que el Tribunal de Circuito de Apelaciones tendrá jurisdicción para revisar:

> Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos en la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico". Ley de la Judicatura, Art. 4.002(g).

Tribunal de Primera Instancia en el ejercicio de su jurisdicción para considerar la impugnación de laudos arbitrales, aplica el inciso "i" del artículo 4.002 de la referida ley. Este artículo dispone que el Tribunal de Circuito de Apelaciones tendrá competencia para entender:

> Mediante auto de Certiorari, a ser expedido discrecionalmente, de cualquier sentencia o resolución final del Tribunal de Primera Instancia para la cual no se hubiere establecido procedimiento específico en esta Ley de la Judicatura o en alguna ley especial aprobada con posterioridad.

En vista de lo anterior, el mecanismo procesal que tiene disponible una parte que desea cuestionar una sentencia final emitida por el Tribunal de Primera Instancia al revisar un laudo arbitral lo es el recurso de certiorari.

Lo anterior, sin embargo, no resuelve la interrogante en torno a si la parte que acude mediante certiorari al Tribunal de Circuito de Apelaciones para cuestionar la decisión del Tribunal de Primera Instancia en una impugnación de un laudo arbitral tiene la obligación de notificar el recurso de certiorari al Negociado de Conciliación y Arbitraje.

B.

La regla 33(B) del Reglamento del Tribunal de Circuito de Apelaciones dispone sobre la notificación del recurso de certiorari lo siguiente:

> (B) Notificación del Recurso a la partes –– La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al Procurador General y al Fiscal de Distrito en los casos criminales, dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso, para presentar el recurso. [...].

Como puede apreciarse, de la regla transcrita surge, en lo pertinente, la obligación de la parte peticionaria en un recurso de certiorari de notificar el recurso a "los(as) abogados(as) de récord, o en su defecto, a las partes". El Negociado de Conciliación y Arbitraje no constituye el representante legal de ninguna de las partes. Tampoco es propiamente una parte. Constituye "un organismo al cual **las partes**

acuden voluntariamente para dilucidar una disputa obrero-patronal". Corp. de Crédito y Desarrollo Comercial y Agrícola v. Unión General de trabajadores, supra, (énfasis suplido). Ese carácter cuasi judicial no se altera por el hecho de que el Negociado de Conciliación y Arbitraje está adscrito al Departamento del Trabajo y Recursos Humanos. Ante ello, es forzoso concluir que no se trata de una parte en el sentido tradicional de las reglas procesales.

Por lo anterior, erró el Tribunal de Circuito de Apelaciones al estimar que carecía de jurisdicción por el hecho de que el Hospital del Maestro no notificó su recurso de certiorari al Negociado de Conciliación y Arbitraje y al árbitro que emitió el laudo impugnado. Ese requisito no surge de ninguna disposición reglamentaria o estatutaria vigente. Procede, por lo tanto, revocar su decisión al respecto.

Por los fundamentos expuestos, procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, Panel III, en el caso Hospital del Maestro v. Unión Nacional de Trabajadores de la Salud (Osvaldo Caraballo Maldonado), KLCE98-00805. Se devuelve el caso a dicho foro para la continuación de los procedimientos de conformidad con lo aquí expresado.

Se emitirá la Sentencia correspondiente.


                              Federico Hernández Denton
                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hospital del Maestro

  Recurrente

    v.                          CC-1999-19      Certiorari

Unión Nacional de Trabajadores
de la Salud (Osvaldo Caraballo
Maldonado)

  Recurrido


SENTENCIA

San Juan, Puerto Rico, a 29 de agosto de 2000.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Sentencia emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho foro para que continúen los procedimientos de conformidad con esta Opinión.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo