CORPORACIÓN DE CRÉDITO Y DESARROLLO AGRÍCOLA, apelante, *v.* UNIÓN GENERAL DE TRABAJADORES, apelada.

*Número:* AA-95-19 · *Resuelto:* 10 de mayo de 1995

*Roberto Ariel Fernández*, de *Goldman, Antonnetti & Córdova*, abogado del apelante.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

## I

Ante nuestra consideración fue sometida la apelación de epígrafe solicitando la revisión del Laudo de Arbitraje (en

adelante el Laudo), emitido por un árbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos (en adelante el Negociado). Mediante dicho laudo se declaró con lugar una querella presentada por la apelada, Unión General de Trabajadores. El Laudo fue emitido el 15 de febrero de 1995, notificado y archivado en autos el 16 del mismo mes. Inconforme con dicho dictamen, acude ante nos la Corporación de Crédito y Desarrollo Comercial y Agrícola mediante escrito de apelación presentado el 20 de marzo de 1995.

■ La apelante invoca la jurisdicción de este Tribunal en virtud de lo dispuesto en la Regla 18 del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995 y en el Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, Leyes de Puerto Rico 2800, 2807, el cual establece que este Tribunal revisará, mediante recurso de apelación, "las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior[,] Sala de San Juan". Indica, además, la apelante que conforme con la opinión emitida en *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 D.P.R. 348 (1985), correspondía al Tribunal Superior la expedición de un auto de revisión que impugna un laudo de arbitraje y que conforme al artículo de la Ley de la Judicatura de Puerto Rico de 1994 antes citado, corresponde a este Tribunal atender el recurso de apelación presentado.

Luego de examinado el recurso, las disposiciones pertinentes de la Ley de la Judicatura de Puerto Rico de 1994 y del Reglamento del Tribunal Supremo, así como las disposiciones vigentes de la Ley Núm. 170 de 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2101 *et seq.*, y nuestros pronunciamientos emitidos en *U.I.L. de*

*Ponce v. Dest. Serrallés, Inc.*, supra; *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995),([1]) y *Montalvo v. Mun. de Sabana Grande*, 138 D.P.R. 483 (1995), concluimos que la petición no cualifica para ser atendida por este Foro mediante recurso de apelación. El foro apropiado para entender en la petición presentada es la Sala Superior del Tribunal de Primera Instancia. Veamos.

## II

■ Recientemente, en *Farmacias Moscoso, Inc. v. K-mart Corp.*, supra, avalamos la interpretación que del Art. 3.002(e), *supra*,([2]) hiciéramos en la Regla 18 del Tribunal Supremo de Puerto Rico,([3]) en el comentario a esta regla([4])

---

([1]) Este caso y el de marras fueron certificados el mismo día.

([2]) El Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994 dispone que este Tribunal atenderá:

"(e) Mediante recurso de apelación, revisará las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico, *que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan.*" (Énfasis suplido.)

([3]) La Regla 18(i) del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995, según enmendado mediante Resolución de 23 de enero de 1995, pág. 6, dispone:

"(i) Aplicación

"Esta Regla aplicará a todo recurso procedente de una agencia administrativa que según los incisos (d) y (e) del Artículo 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 será revisado mediante recurso de apelación ante el Tribunal Supremo y el Artículo 11(A) de la Ley de Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada por la Ley Núm. 86 de 17 de agosto de 1994. Todos los otros asuntos continuarán revisándose conforme a la ley anterior."

([4]) En el comentario a esta regla se expresa:

"Interpretando los Artículos 3.002(d) y (e), 5.003(a)(5) y 9 .004(a), de forma cónsona con el espíritu de la Ley de la Judicatura de Puerto Rico de 1994, y el propósito y objetivo de ésta de facilitar el acceso a los tribunales a los ciudadanos, y hacer la mejor y más eficiente utilización de los recursos de la Rama Judicial, en esta Regla disponemos sobre el procedimiento para las apelaciones al Tribunal Supremo de recursos provenientes de agencias administrativas. Entre estas agencias están las mencionadas en el Artículo 3.002(d) de la Ley: la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo y la Comisión Industrial; *además de cualquier otra agencia administrativa que por Ley se haya dispuesto que los recursos contra las disposiciones finales se presentarán y atenderán en la Sala de San Juan.* Entre estas últimas se encuentran: la Comisión de Servicio Público, la Administración de Compensación por Accidentes de Automóvil, la Comisión de Investigación, Procesamiento y Apelación y la Comisión para Ventilar Querellas Municipales. *La revisión de las decisiones de todas las demás agencias administrativas continua-*

y en la Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo.(⁵) Concluimos entonces que sólo cualifican para ser atendidos mediante recurso apelativo ante este Foro los dictámenes emitidos por las agencias administrativas que por disposición de ley se haya establecido que los recursos contra las disposiciones finales se presentarán y atenderán en la Sala de San Juan.

 Ahora bien, en *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, pág. 355, resolvimos que *el procedimiento a seguirse ante el foro judicial para la impugnación de un laudo de arbitraje será similar al utilizado cuando el tribunal, actuando como foro apelativo*, revisa la corrección o incorrección de la sentencia emitida por un tribunal inferior *o la decisión de un organismo administrativo, de conformidad con las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior.* Posteriormente, al aprobarse la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, expresamente se excluyó al Negociado de la definición de "agencia" contenida en la ley. A tales efectos dispuso, en lo pertinente, la Sec. 1.3 de la citada ley, 3 L.P.R.A. sec. 2102a(7), lo siguiente:

A los efectos de este Capítulo los siguientes términos o frases tendrán el significado que a continuación se expresa:

---

rán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley. Las sentencias que sobre ésta emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante el recurso de certiorari, Regla 18(B)(2) y (C) del Reglamento del Tribunal de Circuito de Apelaciones." (Énfasis suplido.)

(⁵) La Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo de Puerto Rico, según enmendada mediante Resolución de 23 de enero de 1995, pág. 2, define *Agencia Administrativa* de la forma siguiente:

"(c) Agencia Administrativa—la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo, la Comisión Industrial, la Comisión de Servicio Público, la Administración de Compensaciones por Accidentes de Automóviles, la Comisión de Investigación, Procesamiento y Apelación, la Comisión para Ventilar Querellas Municipales y *cualquier otra agencia administrativa que por ley específicamente se disponga que los recursos contra las decisiones finales de la agencia se presentarán en la Sala de San Juan del Tribunal Superior.*" (Énfasis suplido.)

(a) "Agencia" significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, *excepto*:

(7) *El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.* (Énfasis suplido.)

En el Informe Conjunto que rindieran al Senado de Puerto Rico las Comisiones de Gobierno Estatal, Asuntos Municipales y de lo Jurídico de la Cámara de Representantes en torno al P. del S. 350 para la aprobación de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, se indicó con relación a la Sec. 1.3 lo siguiente:

La Sección 1.3 contiene el catálogo de definiciones que habrán de utilizarse en la medida. La definición de Agencia recoge sólo a aquellas agencias que por disposición de ley llevan a cabo funciones de reglamentar, o que emitan decisiones o tengan facultades para expedir licencias, certificados, permisos y otros.

Quedan expresamente excluídos de esta definición la Asamblea Legislativa, la Rama Judicial, la Oficina Propia del Gobernador, la Guardia Nacional de Puerto Rico, los Gobiernos Municipales o sus entidades o corporaciones, la Comisión Estatal de Elecciones, *el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y finalmente cualquier otra agencia existente o que se pueda crear en el futuro que tenga o tuviese jurisdicción para resolver controversias a través de medios voluntarios de solución de disputas.* (Énfasis suplido.)

De las disposiciones antes citadas surge con meridiana claridad que la intención del legislador fue *excluir* al Negociado de las agencias reglamentadas por la ley, siendo éste un organismo al cual las partes acuden voluntariamente para dilucidar una disputa obrero-patronal. Al integrar lo antes expuesto con las disposiciones de la Ley

de la Judicatura de Puerto Rico de 1994 y del Reglamento del Tribunal Supremo, forzoso es concluir que el Negociado no es una "agencia administrativa" de las que cualifica para que sus dictámenes sean revisados por este Foro mediante recurso apelativo. Aún cuando jurisprudencialmente se haya establecido para la revisión de un laudo un procedimiento análogo al de revisión de dictámenes administrativos, ello no convierte al Negociado en una agencia administrativa a los efectos de que sus decisiones deban ser apeladas ante este Foro. Cabe señalar, además, que ni en la ley orgánica que creó el Negociado ni en *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, se estableció la Sala Superior de San Juan como el foro exclusivo para atender los recursos de revisión impugnando laudos de arbitraje.

## III

Concluído lo anterior, nos resta resolver entonces cuál es el tribunal competente para atender el recurso de revisión presentado que impugna el laudo emitido en el caso de autos. En *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra, pág. 355, señalamos que serían de aplicación a estos recursos las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el *Tribunal Superior.* Por su parte, el Art. 5.003(a)(4) de la Ley de la Judicatura de Puerto Rico de 1994 dispone que *el Tribunal de Primera Instancia conocerá de todo asunto que con anterioridad a la vigencia de esta ley era atendido por el Tribunal Superior, el Tribunal de Distrito y el Tribunal Municipal.*

En atención a lo anterior, concluímos que el tribunal competente para atender el recurso de revisión de un laudo de arbitraje es la Sala Superior del Tribunal de Primera Instancia. Habiéndose dilucidado la controversia de autos en el Negociado, adscrito al Departamento del Trabajo y Recursos Humanos *ubicado en Hato Rey,* y de con-

formidad con la Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B,([6]) corresponde remitir el recurso a la consideración del Tribunal de Primera Instancia, Sala Superior de San Juan.

Por todo lo antes expuesto, *se dictará sentencia mediante la cual se ordena remitir el recurso de apelación presentado al Tribunal de Primera Instancia, Sala Superior de San Juan.*

El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.

---

([6]) Dispone dicha regla:

"El recurso se presentará en la sala del Tribunal Superior que se hubiera dispuesto por ley. En aquellos casos en que no haya disposición de ley al respecto, el recurso se presentará en la sala del lugar donde se esté, se planee o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. Si la actividad o incidente se está llevando o se llevará a cabo, o hubiere ocurrido en más de un distrito judicial se podrá presentar el recurso en cualquiera de las salas ubicadas en tales distritos judiciales."