BACARDÍ CORPORATION, demandante y recurrente, *v.* CONGRESO DE UNIONES INDUSTRIALES, demandado y recurrido; AUTORIDAD DE CARRETERAS, demandante y recurrente, *v.* DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS y OTROS, demandados y recurridos.

*Números:* CT-96-6          *Resueltos:* 19 de junio de 1996
CT-96-7

La Juez Asociada Señora Naveira de Rodón emitió la opinión de Tribunal.

Estamos ante dos (2) casos dilucidados en el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos, con sede en Hato Rey, donde las partes adversamente afectadas recurrieron al foro judicial para

impugnar (revisar) los laudos arbitrales. Hoy nos toca re-
solver si, a tenor con el esquema establecido por la Ley de
la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et
seq.*)([1]) y las Reglas de Procedimiento Civil, con relación a
estos casos de impugnación (revisión) de laudos arbitrales,
hay más de un foro con competencia. Por entender que
tanto la Ley de la Judicatura de Puerto Rico de 1994 como
las Reglas de Procedimiento Civil exigen y establecen, para
nuestro sistema judicial unificado, unas normas de compe-
tencia flexibles que le permiten a los litigantes una mayor
accesibilidad al foro judicial que estimen más conveniente,
sin que se perjudique o trastoque el ordenado trámite de
los casos dentro del sistema, resolvemos que en este tipo de
casos hay más de un foro con competencia. Veamos.

Por suscitarse en los casos *Bacardí Corporation v. Con-
greso de Uniones Industriales,* Caso Núm. CT-96-6, y *Auto-
ridad de Carreteras v. Departamento del Trabajo y Recur-
sos Humanos,* Caso Núm. CT-96-7, la misma controversia
procesal, los consolidamos para propósitos de su resolución
ante este Tribunal. Estos casos plantean una situación que
requiere, a los fines de la justicia, una pronta solución.

Hay decisiones procesales en conflicto entre las Salas
Superiores del Tribunal de Primera Instancia y ninguna de
las partes ha recurrido al Tribunal de Circuito de Apelacio-
nes para revisar las resoluciones de las distintas salas. El
término para revisar estas resoluciones contradictorias ya
transcurrió y los casos se encuentran, para todos los efec-
tos, paralizados.([2]) Además, la situación ante nuestra con-

---

([1]) Con relación a los casos en que se recurre al foro judicial para impugnar o
poner en vigor los laudos arbitrales, la situación procesal permanece igual después
de las enmiendas a la Ley de la Judicatura de Puerto Rico de 1994. Véase el Art.
5.003(4), según enmendado por la Ley Núm. 248 de 25 de diciembre de 1995 (4
L.P.R.A. sec. 22o(a)(4)).

([2]) En la solicitud de certificación, el Hon. Antonio L. Corretjer Piquer hace
constar lo siguiente:

"... El caso se encuentra en espera de que se decida cuál es la sala competente
para entender en el mismo ante la cuestión novel planteada y la inconsistencia de las
órdenes emitidas por las salas de San Juan y de Bayamón del Tribunal de Primera
Instancia."

sideración es susceptible de continuar suscitándose, trayendo conflictos entre las distintas Salas Superiores del Tribunal de Primera Instancia.([3]) Ante todas estas circunstancias, procede que expidamos las certificaciones solicitadas por el foro de instancia y resolvamos la controversia.([4])

El 28 de marzo de 1996, el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Antonio L. Corretjer Piquer, Juez) emitió una resolución en cada uno de los casos antes mencionados para solicitarle a este Tribunal la expedición de unos autos de certificación para dilucidar las idénticas controversias procesales planteadas en ellos. La resolución fue notificada a las partes recurridas ese mismo día. Éstas no han comparecido para oponerse. Estando en posición de resolver, procedemos a expedir los autos de certificación solicitados y, sin ulteriores procedimientos, resolver las controversias. Regla 54 del Reglamento del Tribunal Supremo, aprobado el 13 de enero de 1995 (4 L.P.R.A. Ap. XXI), Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, Ley de la Judicatura de Puerto Rico de 1994, sin enmendar.([5])

Los hechos, según constan en las resoluciones que solicitan certificación, son sencillos.

En el caso *Bacardí Corporation v. Congreso de Uniones Industriales,* Caso Núm. CT-96-6, el 22 de septiembre de

---

Cabe señalar que el 11 de enero de 1996, la Bacardí Corporation le solicitó al foro de instancia que solicitase la certificación de su caso para que este Foro resolviese definitivamente la controversia sobre la competencia.

([3]) El Art. 5.003(a)(4) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, *supra,* dispone que es el Tribunal de Primera Instancia quien tiene competencia sobre toda solicitud "para impugnar o poner en vigor los laudos arbitrales en cualquier materia". Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22f, 22i–22k, 22n y 22p–22o).

([4]) De los expedientes surge que hay varios Jueces de la Sala Superior de San Juan que sustentan la misma posición que el Honorable Corretjer Piquer.

([5]) Por haberse presentado los recursos antes del 1ro de mayo de 1996, cuando entró en vigor la Ley Núm. 248 de 25 de diciembre de 1995, *supra,* que enmendó la Ley de la Judicatura de Puerto Rico de 1994, *supra,* les son aplicables la Ley de la Judicatura de Puerto Rico de 1994, sin enmendar, y los reglamentos en vigor al ser presentados estos recursos.

1995 la Bacardí Corporation presentó, ante la Sala Superior de San Juan del Tribunal de Primera Instancia, una petición de revisión de laudo arbitral emitido por el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos (en adelante Negociado). En dicho laudo se resolvió que el despido del querellante no estuvo justificado y se ordenó su reinstalación en el empleo y el pago de los haberes dejados de percibir desde la fecha cuando fue despedido hasta su reposición. El empleado despedido trabajaba en la Bacardí Corporation, en el Municipio de Cataño.

De otra parte, en el caso *Autoridad de Carreteras v. Departamento del Trabajo y Recursos Humanos*, Caso Núm. CT-96-7, el 9 de noviembre de 1995 el patrono, la Autoridad de Carreteras, solicitó ante la Sala Superior de San Juan del Tribunal de Primera Instancia la revisión de un laudo arbitral emitido por el Negociado el 10 de octubre. En dicho laudo, al igual que en el caso de la Bacardí Corporation, se resolvió que el despido del querellante no estuvo justificado y se ordenó su reposición al empleo con todos sus haberes dejados de percibir a partir de la fecha del despido. Además se determinó que la amonestación formal al querellante estuvo justificada.

Así las cosas, el 29 de septiembre de 1995 la Sala Superior de San Juan, Hon. Antonio L. Corretjer Piquer, trasladó el caso *Bacardí Corporation v. Congreso de Uniones Industriales*, Caso Núm. CT-96-6, a la Sala Superior de Bayamón por haber surgido las actividades o los incidentes que dieron lugar a la controversia en el Municipio de Cataño. El 27 de noviembre, dicho Juez procedió también a dar traslado del caso *Autoridad de Carreteras v. Departamento del Trabajo y Recursos Humanos*, Caso Núm. CT-96-7, a la Sala Superior de Bayamón por haber surgido las actividades y los incidentes que dieron lugar a la controversia en el Municipio de Guaynabo.

En ambos casos, el Honorable Corretjer Piquer opinó que los traslados procedían a tenor de lo dispuesto en la Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B, y que el caso *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995), no milita contra esta interpretación.

El 9 de noviembre de 1995 la Sala Superior de Bayamón, Hon. Olivette Sagebien Raffo, devolvió a la Sala Superior de San Juan el caso *Bacardí Corporation v. Congreso de Uniones Industriales,* Caso Núm. CT-96-6, que le había sido trasladado. Dos (2) meses más tarde, el 19 de enero, la Sala Superior de Bayamón, Hon. Jeannette Tomasini Gómez, devolvió el caso *Autoridad de Carreteras v. Departamento del Trabajo y Recursos Humanos*, Caso Núm. CT-96-7, a la Sala Superior de San Juan. Ambas Jueces razonaron que en estos casos, al igual que en *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, la controversia se había dilucidado por el Negociado, ubicado en San Juan, por lo que la competencia sobre dichos casos era de la Sala Superior de San Juan.

█ Estamos de acuerdo con el Hon. Antonio L. Corretjer Piquer en que, a tenor con lo resuelto por este Tribunal en *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, en los casos de revisión o impugnación de laudos arbitrales emitidos por el Negociado, la Sala Superior de San Juan del Tribunal de Primera Instancia no es el único foro con competencia. La Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, *supra,* dispone que el recurso de revisión se podrá presentar "en la sala del lugar donde se esté, se planee o se haya llevado a cabo la actividad o incidente que hubiere dado lugar a la controversia". En *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, aclaramos que la Sala Superior de San Juan, por haberse dilucidado la controversia en el Nego-

ciado en Hato Rey, al igual que la sala del lugar donde se llevó a cabo la actividad inicial o el incidente que la motivó, tenía competencia sobre la revisión de laudo arbitral emitido por el Negociado.

En estos casos puede haber más de una Sala Superior del Tribunal de Primera Instancia con competencia sobre el asunto. Una vez la parte con derecho a presentar la solicitud de revisión o impugnación del laudo arbitral presente el recurso ante una Sala Superior del Tribunal de Primera Instancia con competencia, esta parte tiene derecho a que su caso se vea en la sala que escogió. Ahora bien, aplicando las Reglas de Procedimiento Civil como derecho supletorio para aquellas situaciones en que no hay un procedimiento específicamente dispuesto, procedería el traslado de una sala con competencia a otra sala con competencia sólo "[c]uando la conveniencia de los testigos o los fines de la justicia así los requieran". Regla 3.5(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Ninguna de estas circunstancias está presente en los casos ante nuestra consideración.[6]

Por todas las razones antes expuestas, expedimos las certificaciones solicitadas. *Se dictará sentencia mediante la cual resolvemos que tanto la Sala Superior de San Juan,*

---

[6] Con relación a la competencia de las salas del Tribunal de Primera Instancia en casos de esta naturaleza, el Hon. Antonio L. Corretjer Piquer expresa:

"... La competencia o el venue (sic) territorial ha sido distribuída [sic] equitativamente entre las diversas salas y secciones del Tribunal de Primera Instancia. Un trastoque de las normas establecidas para instrumentar dicha competencia resultaría en un desbalance de las normas del Tribunal de Primera Instancia. *Sería injusto que la Sala de San Juan tuviera que ver todos los casos de revisión de laudos de arbitraje emitidos por el Negociado de Conciliación y Arbitraje del Departamento del Trabajo independientemente de dónde se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia por el hecho de que las únicas oficinas de dicho Negociado están ubicadas en Hato Rey.*" (Énfasis suplido.)

La conveniencia del Tribunal no es razón para que se traslade un caso. En un tribunal unificado de jurisdicción general como el nuestro, no debería de haber problemas para que se tomaran las medidas administrativas necesarias para hacer frente a cualquier problema que la competencia así estatuida podría ocasionar en cuanto al aumento en el número de casos que han de ser presentados ante una sala del Tribunal de Primera Instancia.

*como la Sala Superior de Bayamón, tienen competencia sobre los recursos de revisión de laudos arbitrales presentados. Sin embargo, por haberse presentado los recursos originalmente en la Sala Superior de San Juan, sala con competencia, y no estar presentes algunas de las circunstancias especiales que establece la Regla 3.5(b) de Procedimiento Civil,* supra, *no procede el traslado de estos casos a la Sala Superior de Bayamón del Tribunal de Primera Instancia.*

El Juez Asociado Señor Corrada Del Río disintió con una opinión escrita, a la cual se unió el Juez Asociado Señor Fuster Berlingeri. El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López no intervino.

— O —

Opinión disidente del Juez Asociado Señor Corrada Del Río, a la cual se une el Juez Asociado Señor Fuster Berlingeri.

La opinión mayoritaria de este Tribunal resuelve que en los casos de revisión o de impugnación de laudos arbitrales, que sean emitidos por el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos (en adelante Negociado), puede haber más de una Sala Superior del Tribunal de Primera Instancia con competencia sobre el asunto; esto es, la Sala de San Juan y la Sala del lugar donde se llevó a cabo la actividad inicial o el incidente que la motivó. *Disentimos* de tal determinación por entender que, a tenor con el derecho aplicable, existe una sola Sala con competencia, la cual corresponde al lugar donde se llevó a cabo el incidente que motivó el pleito. Veamos.

## I

Se trata aquí de dos (2) certificaciones presentadas ante este Tribunal en las que se solicita que, a la luz de la nueva Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22f, 22i–22k, 22n y 22p–22o, se resuelva cuál es la Sala con competencia para revisar un laudo arbitral emitido por el Negociado.

En *Bacardí Corporation v. Congreso de Uniones Industriales*, Caso Núm. CT-96-6, el Negociado resolvió que el despido del querellante no estuvo justificado y ordenó su reinstalación en el empleo y el pago de los haberes dejados de percibir desde la fecha cuando fue despedido hasta su reposición. Éste trabajaba para la Bacardí Corporation, sita en el Municipio de Cataño.

En *Autoridad de Carreteras v. Departamento del Trabajo y Recursos Humanos,* Caso Núm. CT-96-7, el Negociado también resolvió que el despido del querellante no estuvo justificado, ordenó su reposición y el pago de los haberes dejados de percibir y determinó que la amonestación formal al querellante estuvo justificada. Las actividades que dieron lugar al pleito ocurrieron en el Municipio de Guaynabo.

Ambos patronos presentaron sendas peticiones de revisión ante la Sala de Superior de San Juan del Tribunal de Primera Instancia, procediendo el Hon. Juez Antonio L. Corretjer Piquer a trasladarlos a Bayamón, por haber surgido las actividades y los incidentes que dieron lugar a la controversia en el Municipio de Cataño y Guaynabo, respectivamente. A su vez, la Sala Superior de Bayamón devolvió ambos casos a la Sala Superior de San Juan, bajo el fundamento de que al igual que en *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995), la controversia se había dilucidado por el Negociado ubicado en San

Juan, por lo que la competencia sobre dichos casos era de la Sala Superior de San Juan.

Ante tal situación, el Honorable Corretjer Piquer solicitó a este Tribunal la expedición de unos autos de certificación para dilucidar las idénticas controversias procesales planteadas en éstos.

## II

Es a base de tales hechos que la opinión mayoritaria de este Tribunal resuelve que tanto la Sala Superior de San Juan como la de Bayamón tienen competencia sobre el asunto. Tal determinación no encuentra apoyo en nuestro derecho. Veamos.

En *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, pág. 496, este Tribunal concluyó que "el Negociado no es una 'agencia administrativa' de las que cualifica para que sus dictámenes sean revisados por este Foro mediante recurso apelativo. A[u]n cuando jurisprudencialmente se haya establecido para la revisión de un laudo un procedimiento análogo al de revisión de dictámenes administrativos, ello no convierte al Negociado en una agencia administrativa a los efectos de que sus decisiones deban ser apeladas ante este Foro. Cabe señalar, además, que ni en la ley orgánica que creó el Negociado ni en *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, supra,[1] se estableció la Sala Superior de San Juan como el foro exclusivo para atender los recursos de revisión impugnando laudos de arbitraje". Allí se resolvió que a tenor con la Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B, correspondía remitir el recurso a la consideración del Tribunal de Primera Instancia, Sala Superior de San Juan, por haberse dilucidado la controversia en el Negociado, el cual está ubicado en Hato Rey.

---

[1] 116 D.P.R. 348 (1985).

Ahora bien, si bien es cierto que en dicho caso la Sala con competencia era la de San Juan, las razones que apoyan esta conclusión no son las que allí se esbozan. A tenor con la Regla 11 de Evidencia, 32 L.P.R.A. Ap. IV, tomamos conocimiento judicial de que del expediente de dicho caso ante el tribunal de instancia surge que los dos (2) empleados que motivaron la controversia planteada ante el Negociado trabajaban en San Juan y Caguas, respectivamente, por lo que el incidente que dio origen a la controversia ocurrió en el municipio correspondiente a cada empleado. De ahí que, para un empleado, el foro con competencia era el de San Juan, y para el otro sería la Sala Superior de Caguas. No obstante, en cuanto a este último, tratándose del mismo laudo para ambos empleados, procedía el traslado del caso a la Sala Superior de San Juan, ya que la Regla 3.5(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, aplicable como derecho supletorio, provee para el traslado cuando la conveniencia de los testigos o los fines de la justicia así lo requieran. Por ende, el foro con competencia en dicho caso lo era la Sala Superior de San Juan del Tribunal de Primera Instancia.

Ello encuentra apoyo en la referida Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior. Ésta dispone, en lo pertinente, que

> … el recurso se presentará en la sala del lugar donde se esté, se planee o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. Si la actividad o incidente se está llevando o se llevará a cabo, o hubiere ocurrido en más de un distrito judicial se podrá presentar el recurso en cualquiera de las salas ubicadas en tales distritos judiciales.

Ciertamente dicha disposición se refiere al lugar donde *se inició* la controversia entre el patrono y el empleado; esto es, el lugar de trabajo. Recordemos que el Negociado es "un organismo al cual las partes acuden voluntariamente para dilucidar una disputa obrero-patronal". *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, pág. 495. Esto

es, allí se dilucidan las disputas que *se iniciaron en el lugar de trabajo* puesto que, de lo contrario, no habría sido necesario acudir ante dicho organismo. Tal disposición no da cabida a una interpretación mediante la cual el lugar donde se inicia la controversia en los casos de autos pueda ser tanto en San Juan como en Bayamón, *puesto que en el caso de autos sólo hay un inicio u origen*, el cual corresponde, claro está, al lugar de trabajo. No se trata aquí de una controversia que ocurrió en más de un distrito judicial, puesto que las partes acuden al Negociado *luego* de que ocurrió la controversia que dio base a la disputa, por lo que al acudir allí ya se había *iniciado* ésta.

Como cuestión de hecho, en *U.I.L. v. Dest. Serrallés, Inc.*, 116 D.P.R. 348 (1985), citado por este Tribunal en *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, las partes acudieron ante el Negociado para solucionar una disputa obrero-patronal, y este Tribunal devolvió el caso al Tribunal Superior de Puerto Rico, Sala de Ponce, para la revisión del laudo emitido por el Negociado. Ello entendemos que obedeció al hecho de que el incidente inicial ocurrió en los terrenos del patrono, Destilería Serrallés, Inc., sita en Ponce, Puerto Rico.

Por ende, a tenor con la Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, *supra*, el foro con competencia en los casos de certificación de autos lo es la Sala Superior de Bayamón. Ello resulta cónsono con el propósito de dicha regla, el cual es otorgar la competencia al foro con más contactos a la controversia y a las partes. De ahí que disentimos de la opinión mayoritaria de este Tribunal que resuelve, sin base legal alguna y en ausencia de disposición en ley que la apoye, que tanto la Sala Superior de San Juan como la de Bayamón tienen competencia en los casos de autos.

Por los fundamentos antes expuestos, disentimos de la opinión mayoritaria de este Tribunal. En cambio, resolveríamos que, ante el cuadro de hechos presente en ambas

certificaciones, la Sala con competencia es la Sala Superior de Bayamón.