En el Tribunal Supremo de Puerto Rico

| Unión Insular de Trabajadores Industriales y de Construcciones Eléctricas, Inc. (U.I.T.I.C.E.)<br><br>    Apelante<br><br>    V.<br><br>Corporación de Empresas y Adiestramiento y Trabajo (C.E.A.T.)<br><br>    Apelado | Apelación<br><br>99TSPR14 |
|---|---|

Número del Caso: AC-97-24

Abogados de la Parte Apelante: Lcdo. Miguel A. Cabrera, Lcdo. Pablo Martínez Archilla

Abogados de la Parte Apelada: Lcdo. Gerardo Fernández Amy

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior San Juan

Juez del Tribunal de Primera Instancia: Hon. Sonia Ivette Vélez Colón

Tribunal de circuito de Apelaciones: San Juan

Juez Ponente: Córdova Arone

Fecha: 2/17/1999

Materia: Revisión Laudo de Arbitraje

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Unión Insular de Trabajadores
Industriales y de Construcciones
Eléctricas, Inc. (U.I.T.I.C.E.)

    Apelante

      v.                    AC-97-24       APELACIÓN

Corporación de Empresas y
Adiestramiento y Trabajo
(C.E.A.T.)

    Apelado

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 17 de febrero de 1999

Se nos solicita, mediante recurso de apelación, la revisión de la sentencia emitida por el Tribunal de Circuito de Apelaciones la cual reinstaló un laudo de arbitraje, revocando así la sentencia del Tribunal de Primera Instancia. Por entender que el Tribunal de Circuito de Apelaciones <u>no</u> tenía jurisdicción para dilucidar la controversia, <u>revocamos</u>.

I

El 1ro de diciembre de 1993, la Corporación de Empresas y Adiestramiento y Trabajo ("Corporación") efectuaba mejoras a su planta física. Como parte

de éstas, se intentaba remodelar el piso y el techo de la misma. Debido a esto, fue necesario reubicar a ciertos empleados pues su área de trabajo se vería afectada. Los empleados reubicados, inconformes con la situación, salieron fuera del edificio, se aglomeraron frente a los portones de entrada, no regresando a sus labores. Al día siguiente, un grupo de empleados unionados que trabajaban en las oficinas regionales de la Corporación acudió a las oficinas centrales y se reunió en los portones de entrada conjuntamente con los empleados que habían abandonado sus labores el día anterior.

El 3 de diciembre, la Corporación envió a los querellantes una carta de suspensión permanente por violación al Artículo XXXII del Convenio Colectivo cuyo contenido es comúnmente conocido como "cláusula de no huelga". En respuesta, la Unión Insular de Trabajadores Industriales y de Construcciones Eléctricas, Inc. ("Unión") presentó una querella en el Negociado de Conciliación y Arbitraje del Departamento del Trabajo. Alegó allí que los despidos fueron injustificados y en violación al debido proceso de ley.

Luego de varios incidentes que no es necesario reseñar, el árbitro delimitó la controversia a determinar si la querella era o no arbitrable, y, de serlo, determinar si el despido de los querellantes estuvo o no justificado. El árbitro determinó que tenía jurisdicción para entender en la controversia y que los despidos fueron justificados toda vez que la actividad realizada por los querellantes constituyó un tipo de huelga la cual estaba prohibida por el convenio colectivo.[1]

Oportunamente, la Unión solicitó la revisión del laudo ante el tribunal de primera instancia. Trabada la controversia, y luego de la

celebración de una vista[2], el tribunal dictó sentencia revocando el laudo. Concluyó que el derecho constitucional de los querellantes a una vista previa al despido fue violentado. Asimismo, determinó que estaban ausentes las excepciones al requisito de vista previa. Como remedio, ordenó la reinstalación de los querellantes y los salarios dejados de percibir desde el despido sumario hasta la reinstalación. El tribunal no se expresó en cuanto si el despido fue justificado o no.

El 2 de enero de 1996, la Corporación solicitó determinaciones de hechos adicionales y reconsideración. Mes y medio más tarde, el 23 de febrero de 1996, el tribunal de primera instancia emitió una resolución en la que declaró "no ha lugar" las determinaciones de hechos adicionales pues entendió que, dada la naturaleza de la vista celebrada --argumentativa y no evidenciaria-- no procedía la solicitud. En cuanto a la reconsideración, ordenó a las partes mostrar causa por la cual no debía modificarse la sentencia y reconocer a los querellantes sólo la compensación equivalente a los salarios dejados de percibir desde el despido sumario hasta la decisión del árbitro.

El 7 de junio de 1996, luego de que las partes cumplieran con la solicitud, el tribunal declaró "sin lugar" la reconsideración. Dicha determinación fue notificada el 17 de junio de 1996.

El 12 de julio de 1996, la Corporación presentó un recurso de certiorari ante el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan (KLCE-9600696), en el que solicitó la revocación de la decisión de instancia. Luego de los trámites de rigor, el foro

---

[1] Aunque la Unión planteó la ilegalidad del despido sumario, el árbitro no se expresó al respecto.

apelativo asumió jurisdicción y revocó la parte de la sentencia que imponía la reinstalación y dejó en vigor la compensación equivalente a los salarios dejados de percibir desde el despido sumario hasta la determinación del árbitro.

Oportunamente, la Unión solicitó reconsideración, la cual fue denegada, archivándose su notificación el 15 de abril de 1997. Inconforme, la Unión acude ante nos. Alega que erró el Tribunal de Circuito de Apelaciones al resolver que "... se anulará un laudo solamente si está presente una de las siguientes causales: fraude, conducta impropia, falta de debido proceso de ley, violación de política pública, falta de jurisdicción o que el laudo no resuelve las cuestiones en controversia."

El 13 de junio de 1997, emitimos una orden de mostrar causa por la cual este Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por el foro apelativo; ello por razón de que el foro apelativo carecía de jurisdicción para entender en el recurso. En cumplimiento de dicha orden, ha comparecido la Corporación. Resolvemos.

II

En estricto rigor jurídico, no podemos considerar los méritos del recurso ante nos; tampoco podía hacerlo el Tribunal de Circuito de Apelaciones. Es por ello que revocamos.

La Corporación, en su escrito, plantea que existe jurisdicción en el caso de autos. Su punta de lanza es que la solicitud de determinaciones de hechos adicionales      --junto a la cual se sometió una reconsideración-- interrumpió el periodo para acudir en apelación. Añade que, toda vez que el tribunal de primera instancia acogió la

---

[2] En ésta, sólo se ponderó la controversia de derecho sobre la procedencia o no de la vista informal previa al despido.

reconsideración, el plazo continuó interrumpido hasta que la misma fuese resuelta. <u>No</u> le asiste la razón; veamos porqué.

La Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, reza:

> "Regla 43.3 Enmiendas o determinaciones iniciales o adicionales.
>
> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia."

Por su parte, la Regla 43.4, 32 L.P.R.A. Ap. III, establece que, radicada una solicitud de determinaciones de hecho adicionales o iniciales, los términos para solicitar, reconsideración, nuevo juicio o acudir en apelación, certiorari o revisión, quedarán interrumpidos.

De una somera lectura de las reglas antes expuestas, podría concluirse que la Corporación presentó su apelación en tiempo ante el Tribunal de Circuito. Sin embargo, <u>no</u> fue así. Dados los hechos particulares del presente caso, la Corporación <u>no</u> tenía disponible, o a su alcance, la

solicitud de determinaciones de hechos adicionales o iniciales.

Cuando un tribunal de primera instancia tiene ante su consideración la revisión de un laudo de arbitraje, cuyo trato es análogo al de una revisión administrativa, su rol es el de un foro apelativo. <u>U.I.L. de Ponce</u> v. <u>Dest. Serralés, Inc.</u>, 116 D.P.R. 348, 354-355 (1985).

En el caso ante nos, <u>no se celebró vista evidenciaria</u>. La vista efectuada fue una argumentativa; el tribunal se limitó a escuchar argumentos con el único propósito de resolver una cuestión de derecho. ¿Podía el tribunal añadir hechos sobre los cuales no desfiló prueba?[3]. Entendemos que no.

La Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.2, dispone que: "[e]n todos los pleitos el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho...". Esta norma tiene, en la propia regla, varias excepciones. "No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:

"(a) ...
(b) ...
(c) ...
(d) Cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estimare."

La naturaleza del recurso ante la consideración del tribunal de primera instancia —que actuaba como foro

---

[3] Véase págs. 19, 35 y 36 del Apéndice.

apelativo-- no le permitía consignar hechos, iniciales o adicionales, según solicitados por la Corporación. Aunque, de ordinario, este tipo de revisiones se limitan a cuestiones de derecho, las determinaciones de hechos pueden ser revisadas cuando no están sostenidas por evidencia sustancial en el récord. <u>Associated Insurance Agencies, Inc.</u> v. <u>Comisionado de Seguros de P.R.</u>, Opinión y Sentencia del 26 de noviembre de 1997. <u>Claro está, en casos donde se revisan las determinaciones de hechos, el foro podría emitir determinaciones de hechos nuevas o adicionales. Toda vez que en el caso de autos no sucedió tal cosa, la Corporación no tenía a su disposición la solicitud provista en la Regla 43.3</u>. Siendo esto así, el término para presentar la apelación correspondiente nunca fue interrumpido.

Como si esto fuera poco, existe otro fundamento independiente para revocar la sentencia. Consistentemente la Corporación ha indicado que la solicitud de determinaciones adicionales fue presentada en tiempo; específicamente, alude al 21 de diciembre de 1995. <u>Esto no es enteramente correcto</u>. Aunque originalmente la solicitud fue radicada en esa fecha, lo cierto es que ese mismo día ésta fue devuelta por faltarle $20.00 en sellos de Rentas Internas. La moción fue presentada nuevamente el 2 de enero de 1996, <u>quedando el sello de radicación del 21 de diciembre de 1995 anulado</u>. Por ello, la moción fue radicada fuera del término provisto en las Reglas de Procedimiento

Civil, 32 L.P.R.A. Ap. III, R. 43.3. En consecuencia, el plazo para acudir en certiorari al Tribunal de Circuito de Apelaciones nunca fue interrumpido y, por ende, dicho tribunal carecía de jurisdicción para entender en el mismo.[4]

Igual destino sufre la solicitud de reconsideración. Ésta fue presentada, junto a la moción de determinaciones adicionales, fuera del término provisto en la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47. El término para la solicitud de reconsideración, como el de la solicitud de determinaciones adicionales, es jurisdiccional. Presentada la solicitud fuera del plazo, el tribunal de primera instancia no tenía autoridad para entender en ellas.

Por las razones antes expresadas, procede revocar la sentencia dictada por el Tribunal de Circuito de Apelaciones.

Se dictará Sentencia de conformidad.


                              FRANCISCO REBOLLO LÓPEZ
                                  Juez Asociado

---

[4] Repudiamos enérgicamente este tipo de proceder. Por el momento, nos limitamos a amonestar a la representación legal de la Corporación por la conducta desplegada en este asunto. Basta señalar que este Tribunal, en el futuro, no tolerará este proceder.

En el Tribunal supremo de puerto rico

Unión Insular de Trabajadores
Industriales y de Construcciones
Eléctricas, Inc. (U.I.T.I.C.E.)

  Apelante

     v.                              AC–97–24      APELACIÓN

Corporación de Empresas y
Adiestramiento y Trabajo
(C.E.A.T.)

  Apelado

**SENTENCIA**

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo